UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

HELEN SWARTZ, Individually,

        Plaintiff,

vs.                                                Case No.:

HURRICANE HUT, LLC, a Rhode Island
Limited Liability Company,

        Defendant.

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, HELEN SWARTZ, Individually, on her behalf and on behalf of all other individuals similarly situated (sometimes referred to as "Plaintiff"), hereby sues the Defendant, HURRICANE HUT, LLC, a Rhode Island Limited Liability Company (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

    1.    Defendant's properties, The Landing and The Lobster Bar, are located at 30 and 31 Bowens Wharf, 345 Thames Street, Newport, RI, in the County of Newport.

    2.    Venue is properly located in the District of Rhode Island because venue lies in the judicial district of the properties situs. The Defendant's properties are located in and do business within this judicial district.

    3.    Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

4. Plaintiff Helen Swartz is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Ms. Swartz has multiple sclerosis and is mobility impaired, and uses an electric scooter to ambulate.

The Plaintiff has enjoyed visiting the Newport Rhode Island area for a variety of reasons. She has always had an interest in architecture and Newport and its surroundings have an abundance of beautifully preserved old mansions and historic buildings.

The Plaintiff and her husband have good friends who live in Newport who they enjoy visiting. This couple also spends a portion of the year in their condominium building in Miami Beach.

One of the Plaintiff's best friends has several Air B&B properties in the area and when visiting him, she and her husband experience the particular foods and charms of New England. The museum at Rhode Island School of Art and Design is another reason that keeps them returning to the area.

It is important to note that the Plaintiff has a strong connection to the Northeast. She was born and raised in New York City and lived for many years in Philadelphia. She also has friends and family in New York and Philadelphia.

Helen Swartz was a guest of the subject restaurants, and has plans to return to the properties to avail herself of the goods and services offered to the public at the properties, if the facilities are fully accessible and the barriers to access have been corrected. The Plaintiff has encountered architectural barriers at the subject properties, which have impaired her use of the facilities and the amenities offered, and have endangered her safety at the facilities and her ability to access the facilities' facilities and use the restrooms.

5. Defendant owns, leases, leases to, or operates places of public accommodation as

2

defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The places of public accommodation that the Defendant owns, operates, leases or leases to is known as The Landing and The Lobster Bar, and are located at 30 and 31 Bowens Wharf, Newport, RI.

6. Helen Swartz has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this properties as described but not necessarily limited to the allegations in paragraph 8 of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant. Helen Swartz has visited the subject properties and desires to visit both The Landing and The Lobster Bar in the near future, not only to avail herself of the goods and services available at the properties, but to assure herself that these properties are in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the properties without fear of discrimination.

7. The Defendant has discriminated against the individual Plaintiff and others similarly situated by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

8. The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). Preliminary inspections of The Landing and The Lobster Bar have shown that violations exist. These violations that Ms. Swartz has personally observed or encountered, and which were confirmed by Plaintiff's ADA expert, include but are not limited to:

**THE LANDING, 30 Bowens Wharf, Newport, RI**

a. Appropriate handrails are not provided by the stairway in The Landing. This is in violation of section 504.6 of the 2010 Standards for Accessible Design. §36.304.

b. The Landing does not provide an accessible exit outside the downstairs patio. This is in violation of sections 206.2.2, 403.5.1 of the 2010 Standards for Accessible Design. This condition denies the plaintiff independent access to the different areas of the site.

c. The threshold to exit the Landing is too high for a person in a wheelchair to traverse. This is in violation of section 404.2.5 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to use the facility.

d. Accessible seating is not provided around the Landing to a person using a wheelchair. This is in violation of sections 226 and 902 of the 2010 Standards for Accessible Design. This condition denies access to the patio, and the seating that is only available to abled individuals. §36.201, §36.202 & §36.304.

e. The Landing does not provide accessible signage by the toilet rooms. This is in violation of section 703 of the 2010 Standards for Accessible Design. §36.304.

f. In the Landing toilet compartment, the flush control is on the closed side of the water closet. This is in violation of section 604.6 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to use the facilities.

g. The accessible water closet in the Landing toilet compartment does not have a compliant side grab bar. This is in violation of section 604.5 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to use the facilities

h. The pipe underneath the lavatory in the Landing toilet room is exposed. This is in violation of section 606.5 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to use the facility.

i. The mirror in the Landing toilet room is too high. This is in violation of section 603.3 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to use the facilities.

j. The Landing accessible stall door does not have compliant door hardware. This is in violation of section 604.8.1.2 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to use the facilities.

k. A maneuvering clearance is not provided to exit the Landing toilet room. This is in violation of section 404.2.4 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to use the facilities.

**Maintenance**

l. The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211.

**THE LOBSTER BAR, 31 Bowens Wharf, Newport, RI**

m. Accessible seating is not provided around the Lobster Bar to a person using a wheelchair. This is in violation of sections 226 and 902 of the 2010 Standards for Accessible Design. This condition denies access to the patio, and the seating that is only available to abled individuals. §36.201, §36.202 & §36.304.

n. The Lobster Bar does not provide accessible signage by the toilet room. This is in violation of section 703 of the 2010 Standards for Accessible Design. §36.304.

o. The Lobster Bar accessible stall door does not have compliant door hardware. This is in violation of section 604.8.1.2 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to use the facilities.

p. The pipe underneath the lavatory in the Lobster Bar toilet room is exposed. This is in violation of section 606.5 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to use the facility.

q. The mirror in the Lobster Bar toilet room is too high. This is in violation of section 603.3 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to use the facilities.

r. The Lobster Bar accessible stall door does not have compliant door hardware. This is in violation of section 604.8.1.2 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to use the facilities.

s. The accessible stall doors in the Lobster Bar is not self-closing. This is in

violation of section 604.8.1.2 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to use the facilities.

   t. Items block the accessible route to exit the toilet room in the Lobster Bar. This is in violation of section 403.5.1 of the 2010 Standards for Accessible Design. §36.304. This condition made it difficult for the Plaintiff to exit the facility.

**Maintenance**

   u. The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211.

  9. The foregoing violations are also violations of the 1991 Americans with Disability Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as adopted by the U.S. Department of Justice.

  10. The discriminatory violations described in paragraph 8 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

  11. Defendant has discriminated against the individual Plaintiff by denying her access

to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its places of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

12. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted. Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

13. Defendant is required to remove the existing barriers to the physically disabled when such removal is readily achievable for its places of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable

by individuals with disabilities as defined by the ADA.

14. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendant.

15. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter The Landing and The Lobster Bar to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA. The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than

other individuals because of the absence of auxiliary aids and services, and to require the institution of a policy that requires Defendant to maintain its accessible features.

  c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

  d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: October 25 2018      Respectfully submitted,

            /s/ Roger N. LeBoeuf

            Roger N. Le Boeuf, Esq., Reg. # 5208
            HEALD & LeBOEUF, LTD.
            One Turks Head Place
            76 Westminster Street, Suite 600
            Providence, RI 02903
            (401) 421-1500
            (401) 331-5886 Facsimile
            rnl@healdandleboeuf.com
            and
            Lawrence A. Fuller, Esq., *pro hac vice pending*
            FULLER, FULLER & ASSOCIATES, P.A.
            12000 Biscayne Blvd., Suite 502
            North Miami, FL 33181
            (305) 891-5199
            (305) 893-9505 - Facsimile
            Lfuller@fullerfuller.com

            *Counsel for Plaintiff Helen Swartz*